United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOBEST SEMICONDUCTOR TECHNOLOGY (SUZHOU) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ASSET EXCHANGE AND TRADING, LLC, <br><br> Defendant. | Case No. 24-cv-09045-NC <br><br> **ORDER FOR PLAINTIFF TO SHOW CAUSE ESTABLISHING SUBJECT MATTER JURISDICTION** <br><br> Re: Dkt. No. 1 |

Plaintiff Dobest Semiconductor Technology (Suzhou) Co., Ltd. alleges various contract and fraud claims against Defendant Capital Asset Exchange and Trading, LLC. ECF 1. Pending before the Court is Defendant's motion to dismiss certain claims alleged in Plaintiff's complaint. ECF 9, 14, 16.

Because federal courts are courts of limited jurisdiction, a plaintiff must adequately allege that a court has subject matter jurisdiction to hear their case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To do so, a complaint must meet the requirements for either (1) federal question jurisdiction or (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There must be "complete

1  diversity" of citizenship for diversity jurisdiction to exist in actions between, for example,
2  citizens of different states or citizens of a state and citizens or subjects of a foreign state.
3  *Carden v. Arkoma Ass'n*, 494 U.S. 185, 187 (1990); 28 U.S.C. § 1332(a).  However,
4  diversity jurisdiction does not exist in actions between citizens of foreign states.  *Nike, Inc.
5  v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994).  For
6  purposes of diversity jurisdiction, "a corporation is a citizen only of (1) the state [or
7  foreign state] where its principal place of business is located, and (2) the state [or foreign
8  state] in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d
9  894, 899; 28 U.S.C. § 1332(c)(1).  In contrast, "an LLC is a citizen of every state [or
10  foreign state] of which its owners/members are citizens." *Id.*; *Carden*, 494 U.S. at 195–96.

11  Federal question jurisdiction exists for "all civil actions arising under the
12  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

13  "Federal courts have an independent obligation" to assess subject matter
14  jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Here,
15  the complaint alleges subject matter jurisdiction based on both diversity and federal
16  question jurisdiction.  ECF 1 ¶¶ 7, 8.  As to diversity jurisdiction, Plaintiff alleges its own
17  corporate citizenship based on its place of incorporation and principal place of business.
18  ECF 1 ¶ 5.  Plaintiff alleges Defendant is "a California limited liability company with its
19  principal place of business in Santa Clara County, California" and incorporated in
20  California.  ECF 1 ¶¶ 6, 9.  But the citizenship of a limited liability company depends on
21  that of each of its members, which Plaintiff does not provide.  As to federal question
22  jurisdiction, Plaintiff alleges jurisdiction exists because "the transactions at issue are
23  governed in whole or in part by the 1980 United Nations Convention on Contracts for the
24  International Sale of Goods (CISG), a federal treaty." ECF 1 ¶ 8.  However, Plaintiff does
25  not mention the CISG elsewhere in the complaint and thus fails to allege facts sufficient to
26  establish that the CISG applies to this action such that federal question jurisdiction exists.
27  *See* ECF 1; *Asante Techs., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1147 (N.D. Cal.
28  2001).

2

Because the Court must ensure subject matter jurisdiction exists in this matter before deciding the pending motion, Plaintiff is ordered to show cause in writing by March 4, 2025, providing sufficient information to establish diversity and/or federal question jurisdiction. Plaintiff may move the Court for leave to conduct limited jurisdictional discovery as needed. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge